IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>DWIGHT MORRIS, JR.,<br><br>      Defendant. | 8:18CR260<br><br>FINDINGS AND RECOMMENDATION |

  This matter is before the Court on Defendant's Motion to Dismiss Count II of the Superseding Indictment (Filing No. 25.) For the reasons explained below, the undersigned will recommend that the motion be denied.

## DISCUSSION

  Count II of the superseding indictment (Filing No. 17) charges Defendant with domestic assault by a habitual offender in violation of 18 U.S.C. § 117(a). Section 117(a) provides:

> Any person who commits a domestic assault within . . . Indian country and who has a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction—
>
>  (1) any assault, sexual abuse, or serious violent felony against a spouse or intimate partner, or against a child of or in the care of the person committing the domestic assault; or
>
>  (2) an offense under chapter 110A.
>
> shall be fined under this title, imprisoned for a term of not more than 5 years, or both . . .

18 U.S.C. § 117(a). Because a conviction under § 177(a) requires that Defendant have at least two prior, qualifying convictions, the government has pled two convictions that it contends satisfy the statute's requirements: (1) a 2009 conviction for Nebraska third-degree assault under Neb. Rev.

Stat. § 28-310 and (2) a 2005 conviction for domestic abuse assault under Iowa Code Ann. § 708.2A.

Defendant has moved to dismiss Count II of the superseding indictment under Federal Rule of Criminal Procedure 12, claiming that the indictment fails to state an offense. *See* Fed. Rule Crim. Proc. 12(3)(B). "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged." *United States v. Steffen*, 687 F.3d 1104, 1109 (8th Cir. 2012) (quotation omitted). Defendant contends that his conviction for third-degree assault under Neb. Rev. Stat. § 28-310 does not qualify as "any assault" under federal law as required for a violation of § 117(a). According to Defendant, because he does not have two qualifying prior convictions, Count II does not state an offense under § 117(a).

Defendant argues that the Court should adopt a "categorical" approach in analyzing this motion, in which courts "look only to the statutory definitions—*i.e.* the elements—of a defendant's prior offenses, and *not* to the particular facts underlying those convictions." *Descamps v. United States*, 570 U.S. 254, 261 (2013). Under this approach, the Court would be required to compare the elements of third-degree assault under Neb. Rev. Stat. § 28-310 with the "generic" definition of assault, meaning, "the offense as commonly understood." *Id.* at 258. Using the categorical approach, if the elements of assault under § 28-310 are broader than generic assault, a conviction under § 28-310 does not qualify as a predicate offense under §117(a). *Id.*

Section 28-310 provides that a person commits third-degree assault if he "(a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or (b) Threatens another in a menacing manner." Neb. Rev. Stat. § 28-310. Defendant argues that this statute is broader than the generic definition of assault because it allows third-degree assault to be committed "recklessly," whereas generic assault only includes intentional and voluntary acts. Thus, Defendant maintains that under the categorical approach, his conviction under § 28-310 does not qualify as a predicate offense under § 117(a).

In opposition to Defendant's motion, the government argues that because the existence of two qualifying prior offenses is an element of § 117(a), it should be permitted to put forth evidence

at trial to prove that the conduct related to the prior offense constitutes "any assault" under federal law. The government further argues that even if the Court finds that it must decide whether the Nebraska assault conviction constitutes "any assault" under federal law, the Court should employ a "modified categorical approach." A modified categorical approach would permit the Court to "look beyond the statutory definition of the offense and the fact of conviction to such sources as 'the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *United States v. Lockwood*, 446 F.3d 825, 827 (8th Cir. 2006) (internal quotation omitted).

The government asserts that a modified categorical approach is proper where the "underlying statute encompasses multiple different crimes" and only some of those crimes qualify as predicate offenses. *United States v. Ossana*, 638 F.3d 895, 899-900 (8th Cir. 2011). *See also Descamps*, 570 U.S. at 258 (explaining that the modified categorical approach may not be applied "when the crime of which the defendant was convicted has a single, indivisible set of elements"). The government argues that because § 28-310 allows assault to be proven with a reckless *or* intentional *mens rea*, there are two ways to commit the crime and a modified categorical approach is appropriate. The government contends that if the Court reviews the admissibility of the government's evidence under a modified categorical approach, it is not necessary to reach the question of whether a "reckless" assault fits the generic definition of assault because an examination of the transcript of the plea hearing related to the conviction demonstrates that the third-degree assault conviction would constitute assault under federal law.

There are no United States Supreme Court or Eighth Circuit cases which directly address the question presented in this case. Defendant cites to *Taylor v. United States*, 495 U.S. 575 (1990), in which the Supreme Court employed a categorical approach in analyzing whether a burglary conviction constituted a qualifying offense under 18 U.S.C. § 924. Section 924 provided a sentence enhancement for individuals convicted under 18 U.S.C. § 922(g) who had three prior violent felony convictions. The Supreme Court held that an offense constitutes "burglary" for purposes of the § 924(e) sentence enhancement "if either its statutory definition substantially

corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Id*. at 602.

The Supreme Court in a number of cases subsequent to *Taylor,* have indicated, in certain circumstances, a modified categorical approach is appropriate. *See Shepard v. United States*, 544 U.S. 13 (2005) (holding that "enquiry under the [Armed Career Criminal Act] to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information"). *Mathis v. United States,* 136 S.Ct. 2243, 2245-46 (2016) (stating that when a statute defines multiple crimes by listing multiple, alternative elements, to decide whether a conviction under such a statute is for a listed ACCA offense, a sentencing court must discern which of the alternative elements was integral to the defendant's conviction by using the "modified categorical approach," which allows a court to "look at a limited class of documents from the record of a prior conviction to determine what crime, with what elements, a defendant was convicted of before comparing that crime's elements to those of the generic offense").

The government cites to the Eighth Circuit's opinions in *United States v. Drapeau*, 827 F.3d 773 (8th Cir. 2016) and *United States v. Harlan*, 815 F.3d 1100 (8th Cir. 2016), both of which involved the prior conviction element of § 117(a). Although neither of these cases directly speak to the matter at hand, they indicate that the Eighth Circuit would consider evidence regarding a defendant's actual conduct in evaluating whether a conviction qualifies as a predicate offense for purposes of § 117(a). In *Drapeau*, the Eighth Circuit affirmed the district court's order allowing the government to introduce testimony regarding the conduct underlying defendant's prior conviction. The Eighth Circuit-stated that the government is required to prove "each element of a crime . . . to the jury beyond a reasonable doubt and it could not hold that the district court erred in admitting the testimony for the purpose of proving the predicate crimes. *Id*. at 777. Similarly, in *Harlan*, the Eighth Circuit did not take issue with the government introducing evidence of the defendant's underlying conduct in finding that the defendant's prior tribal court assault conviction could be used as a predicate offense under § 117(a).

4

Having reviewed the authorities presented, the undersigned finds that the government should be allowed to put forth evidence at trial to prove that the conduct related to the third-degree assault conviction constitutes "any assault" under federal law. Although the Supreme Court applied the categorical approach in evaluating whether a burglary conviction constituted a qualifying offense under 18 U.S.C. § 924, unlike § 117(a), § 924 is an enhancement statute. Section 117(a) constitutes a separate, distinct offense and the government should be permitted to prove each of the elements necessary for conviction under § 117(a) at trial.[1]

Moreover, if the undersigned were to find that the Court must decide whether Defendant's assault conviction constitutes "any assault" under federal law, application of the modified categorical approach proposed by the government would be appropriate. Under such approach, the Court would be able to use both the facts admitted by Defendant at the plea hearing, as well as the elements of the charged offense to conclude that Defendant's prior conviction qualifies as a predicate offense under § 117(a). The transcript of the plea hearing from Defendant's assault conviction reflects that the factual basis provided by the prosecutor included Defendant grabbing the victim by the back of the head and pushing her head forward, as well as grabbing her by the ponytail and causing her injury. (Ex. 1.) The transcript shows that the assault took place and was not committed in a "reckless" manner. Rather, the facts as set out in the transcript are sufficient to allow this Court to conclude that the conduct for which Defendant was convicted would constitute an intentional assault under federal law.

Accordingly,

**IT IS HERBEY RECOMMENDED** to Senior United States District Court Judge Laurie

---

[1] At the evidentiary hearing, Defendant preserved, for purposes of appeal, the argument that the Nebraska conviction does not constitute a predicate offense because a third-degree assault under § 28-310 can be against any person; the victim does not have to be a spouse, intimate partner, or minor child. (TR. 36.) Defendant did not raise this argument in his motion. Therefore, the issue will not be specifically addressed in this Findings and Recommendation. However, for the reasons stated herein, the undersigned believes that the government should be permitted to prove each of the elements necessary for conviction under § 117(a) at trial, which includes the requirement that the prior assault must have been committed against a spouse or intimate partner. See *United States v. Drapeau*, 827 F.3d 773 (8th Cir. 2016).

Smith Camp that Defendant's Motion to Dismiss Count II of the Superseding Indictment (Filing No. 25) be denied.

Dated this 11th day of February, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.