**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **8:18CR260** |
| **vs.** | |
| **DWIGHT MORRIS, JR.,** | **MEMORANDUM AND ORDER** |
| **Defendant.** | |

This matter is before the Court on the Defendant's Motion to Dismiss Count II, ECF No. 25, in which he seeks dismissal of Count II of the Superseding Indictment, ECF No. 17, charging him with a violation of 18 U.S.C. § 117(a), Domestic Assault by an Habitual Offender. Also before the Court are the Findings and Recommendation by Magistrate Judge Bazis, ECF No. 39, in which she recommends the Motion be denied, and the Defendant's Statement of Objections to the Findings and Recommendation, ECF No. 40. This Court has reviewed the Magistrate Judge's Findings and Recommendation, the Defendant's Objections, and the parties' briefs that appear at ECF Nos. 26, 29, 41, and 42. For the reasons stated below, the Court will adopt the Findings and Recommendation and deny the Defendant's Objections and his Motion.

Count II of the Superseding Indictment lists two predicate offenses to satisfy the element of § 117(a) which requires "a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal Jurisdiction—(1) any assault, sexual abuse, or serious violent felony against a spouse or intimate partner, or against a child of or in the care of the person committing the domestic assault; or (2) an offense under chapter 110A[.]"

One of the predicate offenses listed is a conviction under Neb. Rev. Stat. § 28-310 which provides that a person commits third-degree assault if he "(a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or (b) Threatens another in a menacing manner."

The Defendant argues that a *court* must determine as a matter of law whether a defendant's prior convictions were for offenses that would be considered "any assault" under federal law, and that the court must look only to the language of the statute of conviction, making a "categorial" analysis. He contends that his conviction under Neb. Rev. Stat. § 28-310 is not a predicate offense under § 117 as a matter of law because a defendant can be convicted of that offense based on conduct that is *reckless,* whereas generic assault requires *intentional* conduct. He argues that the different levels of *mens rea* under § 28-310(a) are not divisible elements; the statute does not encompass multiple different crimes; and a modified categorical approach, informed by the judicial record of the proceedings, is not proper. See *Descamps v. United States*, 570 U.S. 254, 258 (2013) (a modified categorical approach cannot be used when a state law defines a crime more broadly than the generic offense); *United States v. Ossana*, 638 F.3d 895, 899-900 (8th Cir. 2011) (if "the underlying statute encompasses multiple different crimes, only some of which qualify" the court may "examine a limited class of record materials to determine which actual crime [a defendant] committed.").

The Government notes that *Descamps* and *Ossana* involved sentencing enhancements and not elements of a crime. The Government argues that the language of § 117 requires a fact-specific approach, because the prior convictions are an element of the offense which must be proved to the jury beyond a reasonable doubt. Alternatively,

if this Court concludes it is within the province of a court and not a jury to determine whether a predicate offense would be "any assault" if subject to federal jurisdiction, then the Government suggests this Court apply a modified categorical approach, looking to the judicial record of the proceedings leading to the conviction under § 28-310.

The burden of proving the element of predicate offenses under § 117 requires that the Government "prove beyond a reasonable doubt (1) that [the defendant] had at least two prior convictions, (2) that the prior convictions were for offenses that would be considered 'any assault' under federal law, and (3) that the convictions were for offenses committed against a spouse or intimate partner." *United States v. Drapeau*, 827 F.3d 773, 776 (8th Cir. 2016). The Court of Appeals found no error in a district court's admission of testimony about the facts of the defendant's prior offenses, introduced to prove that the prior convictions occurred and that the victim was the defendant's spouse or intimate partner. *Drapeau*, 827 F.3d at 776-77.

While no Eighth Circuit or Supreme Court decision has squarely addressed the question raised by the Defendant here, the three-part framework of *Drapeau* provides guidance. The Court of Appeals held that *each* of the three factors must be proved by the government *beyond a reasonable doubt*. If the Court of Appeals anticipated that a district court would find *as a matter of law* whether a predicate offense constituted "any assault" under federal law, it can be inferred that the Court of Appeals would not have used the language "prove beyond a reasonable doubt" as to that factor or would have merged factors one and two. There is no doubt that the third factor—that the convictions were for offenses committed against a spouse or intimate partner—may be proved by testimony and other evidence beyond the mere fact of conviction of a specific crime. In

other words, the Government need not prove a defendant was convicted of a crime that had as an element the victim's status as a spouse or intimate partner; it must prove beyond a reasonable doubt that the victim was *in fact* a spouse or intimate partner. This Court finds no reason to infer that the Government's burden is different with respect to the second factor.

Because the Eighth Circuit held in *Drapeau* that the Government must prove beyond a reasonable doubt that a defendant's prior convictions were for offenses that would be considered "any assault" under federal law, the Eighth Circuit appears to have directed a fact-specific approach. This approach also appears to be consistent with the language of § 117(a) and the statute's objective. The question of whether the facts of the Defendant's predicate offenses would be "any assault" under federal law can be addressed through an instruction to the jury regarding what constitutes "any assault" under federal law.

Accordingly,

IT IS ORDERED:

1.  The Defendant's Objections to the Findings and Recommendation, ECF No. 40, are denied;

2.  The Findings and Recommendation of the Magistrate Judge, ECF No. 39, are adopted; and

3.  The Defendant's Motion to Dismiss Count II, ECF No. 25, is denied.


Dated this 11th day of March 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge